IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT S. KAMINSKI, TRUSTEE OF THE ) <br> ROBERT S. KAMINSKI REVOCABLE TRUST, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> THOMAS J. WIENS ) <br> ) <br> and ) <br> ) <br> TRANSNET CAPITAL CORPORATION, ) <br> ) <br> Defendants. ) | Case No. 10-cv-4322 <br><br> Mag. Judge Jeffrey Cole |

**JOINT EMERGENCY MOTION TO RESCHEDULE SETTLEMENT CONFERENCE
DUE TO SIGNIFICANT PROGRESS ON PAPERS AND SCHEDULING CONFLICTS**

Plaintiff Robert S. Kaminski, as Trustee of the Robert S. Kaminski Revocable Trust ("Plaintiff"), by his undersigned counsel, and Defendants Thomas J. Wiens and Transnet Capital Corporation ("Defendants"), by their undersigned counsel, jointly and respectfully request the Court to reschedule the settlement conference currently set for March 13, 2012 at 10:00 a.m. to April 5, 2012, both because the parties have made significant progress on addressing remaining issues regarding the complex settlement papers in this matter, but will be unable to complete their written settlement agreement by next Tuesday, as well as because of scheduling conflicts for both Mr. Kaminski and his counsel.[1] In support of this motion, the parties jointly state:

1. On February 28, 2012, the Court held a status hearing at the request of Plaintiff's counsel to determine the status of the written settlement documentation between the parties. At that status hearing, Plaintiff's counsel informed the Court that, on November 28, 2011, Plaintiff's counsel had provided a draft of the settlement agreement to Defendants' counsel but had not

---

[1] The parties jointly seek to present this motion as an emergency motion, on two days notice, so as to be able to appear and present to the Court the justifications for the rescheduling of the continued settlement conference in advance of its scheduled time.

received any comments in the three months since. Defendants' counsel represented at that hearing that they had issues communicating with their client during that time.

2. Plaintiff's counsel indicated that the Plaintiff's goal was not to create additional litigation but just to obtain whatever comments Defendants had on the settlement documents so that settlement papers could be finalized and executed.

3. After hearing the parties, the Court instructed counsel to continue to work to finalize the written settlement documents. In addition, the Court indicated that it would set a continued settlement conference in the event that the parties were not able to make progress toward a final written agreement. At that point, Plaintiff's counsel regrettably made two mistakes in suggesting a date of March 13, 2012 for the continued settlement conference. First, he somehow overlooked that he already had a settlement conference set before Judge Schenkier on March 13th. Second, Plaintiff's counsel was not aware at that time that Mr. Kaminski was spending a month at his residence in Arizona and would not return to Illinois until March 22, 2012.

4. Shortly after the status conference, Plaintiff's counsel discovered his errors and contacted counsel for Defendants. Counsel for Defendants indicated he had no objection to rescheduling the settlement conference, if necessary, for a date on which all parties were available. *See* Ex. A, 2/28/12 email from K. Mahoney to C. Leuin. However, Defendants' counsel also suggested that the parties wait to seek the Court's approval to reset the settlement conference, *see id.*, as the pendency of the conference would provide a strong incentive for progress on the documents, which the parties believed was a significant part of the Court's intent in setting the conference.

5. In fact, there has been significant progress on the settlement documents since the February 28th status hearing. On February 29th, Defendants' counsel sent an email to Plaintiff's

counsel raising a substantive issue that Defendants viewed as a main "sticking point" in the draft settlement agreement. The following day, March 1, 2012, Plaintiff's counsel provided a substantive response addressing the point raised by Defendants and suggesting that Defendants' counsel raise all other issues Defendants have regarding the agreement. On March 6, 2012, Defendants' counsel provided a marked-up agreement, as well as an explanatory email, raising all of Defendants' issues with the agreement. Plaintiff's counsel is providing today a response to that email that hopefully will materially advance the parties toward resolving any remaining issues with the settlement agreement.

6. While the parties have made significant progress on the settlement agreement, there remain several issues that make it impossible to have final settlement papers by March 13th. Foremost among those issues is that there are at least five other documents, including two other agreements (a pledge agreement and brokerage account control agreement), that relate to the settlement and that still must be finalized based on the final form of the written settlement agreement. In particular, the brokerage account control agreement involves a third-party, the securities broker who will hold certain shares pledged as part of the settlement, and final approval from that third-party cannot be obtained until there is agreement on the underlying settlement agreement.

7. When it became clear at the beginning of this week that it would not be possible to have a final agreement before the March 13th settlement conference, the parties spoke beginning on March 6th about finding an alternate date on which to ask the Court to reset the settlement conference. It took the parties until March 8th to find a date on which all necessary parties are available -- April 5, 2012 -- at which time they left a voicemail for the Court's Courtroom Deputy to determine how to proceed. On March 9th, Plaintiff's counsel followed up

with the Court's Courtroom Deputy and was informed that the settlement conference could not be changed based on the parties' joint telephonic request.

8. The parties remain very optimistic that they will be able to resolve all remaining issues between themselves, however they also believe that having another date giving them sufficient time to resolve the remaining issues will continue to have the desired motivating effect. At the same time, particularly given the progress that has been made, the fact that most of the remaining issues are lawyer issues rather than client issues, and the unavailability of Plaintiff and his counsel, the parties respectfully request that the Court reset the settlement conference to April 5, 2012, with the parties expecting that no settlement conference will be necessary.[2]

WHEREFORE, the Plaintiff and Defendants jointly and respectfully request that the Court strike the settlement conference currently set for March 13, 2012 and reset the date to April 5, 2012, as well as any other further relief the Court deems necessary and just.

Dated: March 9, 2012

| TRANSNET CAPITAL CORPORATION AND THOMAS J. WIENS | ROBERT S. KAMINSKI, AS TRUSTEE OF THE ROBERT S. KAMINSKI REVOCABLE TRUST |
|---|---|
| By: /s/ Kevin J. Mahoney<br>One of Their Attorneys<br>Kenneth M. Sullivan<br>Kevin J. Mahoney<br>TRESSLER, LLP<br>233 South Wacker Dr., 22nd Floor<br>Chicago, Illinois 60606<br>Tel: (312) 627-4000 | By: /s/ Charles B. Leuin<br>One of His Attorneys<br>Charles B. Leuin, ARDC No. 6225447<br>Matthew S. Gray, ARDC No. 6286276<br>GREENBERG TRAURIG, LLP<br>77 West Wacker Drive, Suite 3100<br>Chicago, Illinois 60601<br>Tel: (312) 456-8400<br>Fax: (312) 456-8435 |

---

[2] Plaintiff's counsel regrets the role he played in scheduling the conference for a date on which both he and the Plaintiff are not available and apologizes to the Court for the inconvenience that this has caused. Plaintiff's counsel respectfully requests that his client not be penalized for these circumstances, particularly being that the scheduling of this conference was necessitated by the failure of Defendants to provide comments on Plaintiff's settlement draft, despite Plaintiff's diligence in pursuing those comments and a final resolution of this matter through a written agreement embodying the complex settlement terms.

**CERTIFICATE OF SERVICE**

  I, Charles B. Leuin, certify that on March 9, 2012, a true and correct copy of **Joint Emergency Motion to Reschedule Settlement Conference Due to Significant Progress on Papers and Scheduling Conflicts** was served electronically through the Northern District of Illinois CM/ECF electronic filing on:

    Kenneth M. Sullivan
    Kevin J. Mahoney
    TRESSLER, LLP
    233 South Wacker Dr., 22nd Floor
    Chicago, Illinois 60606


             /s/ Charles B. Leuin
             Charles B. Leuin